IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALGIS PETER ANKUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 7871 |
| | ) | |
| ILLINOIS COURT OF CLAIMS, et al., | ) | Judge Holderman |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' AMENDED MOTION TO DISMISS

Now come the defendants, ILLINOIS COURT OF CLAIMS, STATE OF ILLINOIS and GEORGE RYAN, FORMER SECRETARY OF STATE, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their amended Rule 12(b)(1) and (6) Motion to Dismiss[1].

### INTRODUCTION

Plaintiff Algis Ankus' wife died on April 5, 1997. (Complaint, ¶ 6, attached hereto). Mrs. Ankus had worked for the Illinois Department of Public Health and failed to cash several paychecks before her death. (Complaint, ¶ 7). The paychecks dated back from 1989 to 1993. Plaintiff alleges that he discovered the checks after his wife died, and received reimbursement for checks dated within five years of his wife's death. In 1998, Plaintiff filed a claim with the Illinois Court of Claims seeking the

---

[1] Defendants filed an initial motion to dismiss on or about February 7, 2003 [Docket Entry #5]. Defendants are filing an amended motion to dismiss with supporting citations to reflect any changes in the law.

1

recovery of Ten Thousand Two Hundred Twenty-Five Dollars and Thirty-Seven Cents ($10, 225.37) in uncashed checks dating from April 1989 to June 1991 in the case *Lynda V. Twist-Ankus, deceased by Surviving Husband Algis Peter Ankus v. State of Illinois,* Case No. 98 CC 3169. (Complaint, ¶¶ 9-10). Following a trial, the Court of Claims held that the claims for the earlier checks were barred by a statute of limitations, 705 ILCS 505/22(g), which provides that "all claims arising from the Comptroller's refusal to issue a replacement warrant... must be filed within five years after the issue date of such warrant." *See* order of Court of Claims order dated April 29, 2002 (Ex."D" to the Complaint).

On or about October 31, 2002, Plaintiff filed a federal complaint purportedly under 42 U.S.C. §1983, and the Americans with Disabilities Act (ADA), in which he alleges, *inter alia,* a violation of his due process rights.[2] Specifically, Plaintiff protests an additional Court of Claims order dated December 14, 1999 denying his motion for discovery sanctions and motion for summary judgment. (Ex."C" to the Complaint). A motion for sanctions filed in Case No. 98 CC 3169 is attached to his complaint as exhibit "B." Plaintiff alleges that the Illinois Court of Claims discriminated against him by disregarding discovery timelines, disregarding his motion for discovery sanctions, and by denying said motion. (Complaint, ¶¶ 11, 15). Plaintiff asks this

---

[2]Apparently there has been some confusion over whether the complaint was properly served. It was mailed or delivered to the Attorney General's Office, which typically is not authorized to accept service on behalf of state officials and agencies. This office wrote a letter to plaintiff informing him of this. Nevertheless, in the interests of moving the case along (and because the complaint is deficient on other grounds), we have presented this motion to dismiss on behalf of all the defendants.

2

Court to hold a jury trial, and seeks the previously denied payment of his wife's payroll warrants, plus compensatory damages. (Complaint, p.4).

## STANDARD FOR RULE 12(b) MOTIONS TO DISMISS

A Court will dismiss a complaint under Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (*quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993). When considering a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir.2000). The Court is not bound by the plaintiff's legal characterizations of the facts. *Glick v. Gutbrod*, 782 F.2d 754, 755(7th Cir 1986) (*citing Prudential Insurance Company v. Sipula*, 776 F.2d 157, 159 (7th Cir.1985)); *See also Car Carriers,* 745 F.2d 1101, 1106-07 (7th Cir. 1984). Exhibits attached to the complaint are incorporated into the pleading for purposes of Rule 12(b) motions. Fed. R. Civ. P. 10(c); *Northern Indiana Gun Shows v. City of*

*South Bend*, 163 F.3d 449, 452-453 (7th Cir. 1998 ) (*citing Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988)).

## ARGUMENT

I.  THE ELEVENTH AMENDMENT BARS THIS SUIT

Plaintiff has sued "the State of Illinois," "the Illinois Court of Claims," and "George Ryan former Secretary of State." The Eleventh Amendment deprives the federal Court of subject matter jurisdiction against these defendants in this case. In *Pennhurst v. Halderman*, 465 U.S. 89, 100-101 (1984), the Supreme Court held: "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* At 100. The only exception to this is where Congress, acting under section 5 of the Fourteenth Amendment, expressly uses that power to legislate directly against a state, or where a state waives the Eleventh Amendment. In this case, neither of those exceptions is present; there has been no waiver of its Eleventh Amendment immunity by the State, and plaintiff's claims are brought under 42 U.S.C. §1983, where the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *Kroll v. Board of Trustees*, 934 F.2d 904, 907-08 (7th Cir. 1991). The State of Illinois and the Illinois Court of Claims are thereby immune from suit.

Similarly, this suit against George Ryan, the former Governor and former Secretary of State, is also barred by the Eleventh Amendment. The complaint does not state whether Mr. Ryan is sued in his official or individual capacity, and, in the absence of specification, is considered an official capacity suit. *Stevens v. Unstead*, 131 F.3d 699, 706 (7th Cir. 1997). If sued in his official capacity for money damages (and Plaintiff is seeking monetary, not injunctive, relief), the Eleventh Amendment also bars the claim against him. An official capacity suit is a suit against the office, which is the same as suing the state itself. *Quern v. Jordan, 440 U.S. 332 (1979), Hafer v. Melo*, 502 U.S. 21, 26 (1991), *Vance v. Peters*, 97 F.3d 987, 990 (n.2) (7th Cir. 1996), *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995).[3]

II. THE COURT OF CLAIMS' DECISION PRECLUDES PLAINTIFF'S CLAIMS.

Issues actually decided in valid state-court judgments may well deprive plaintiffs of the "right" to have their federal claims re-litigated in federal court. *See, e.g.*, *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 84, 104 S.Ct. 892 (1984); *Allen v. McCurry*, 449 U.S. 90, 103-104, 101 S.Ct. 411 (1980). Under 28 U.S.C. §1738,

---

[3] Former Governor Ryan is not sued in his official capacity for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908), the only exception to the Eleventh Amendment bar. Since Mr. Ryan is now a private citizen, prospective injunctive relief against him would not be possible anyway. In the event the pro-se plaintiff meant to sue Governor Ryan in his individual capacity for damages, the complaint totally fails to allege any personal involvement by him in any of the facts alleged The case was decided by the Court of Claims with no involvement by Governor Ryan. Absent personal involvement, an individual capacity suit should be dismissed. *Gossmeyer v. McDonald*, 18 F.3d 481, 495 (7th Cir. 1997), *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

5

federal courts are required to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgment emerged. *We Care Hair Development, Inc. v. Engen*, 180 F.3d 838, 842 (7th Cir. 1998).

In Illinois, the doctrine of res judicata, or claim preclusion, bars claims that were or could have been litigated in an earlier action. *Ghaly v. Reno*, 41 F. Supp. 2d 830, 832 (*citing D& K Properties Crystal Lake v. Mutual Life Ins.*, 112 F.3d 257, 259 (7th Cir. 1997)). Preclusion principles also apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature. *Powers v. Arachnid, Inc.*, 248 Ill.App.3d 134, 138; 617 N.E.2d 864, 867 (1993) (*citing McCulla v. Industrial Comm'n* 232 Ill.App.3d 517, 520, 597 N.E.2d 875 (1992)). *See Lucien v. Johnson, et al.*, 61 F.3d 573, 574 (7th Cir. 1995) (The Illinois Court of Claims more closely resembles an administrative tribunal).

"A claim is precluded where it shares three elements with an earlier action: (1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Id.* Issues actually decided in valid state-court judgments may well deprive plaintiffs of the "right" to have their federal claims re-litigated in federal court. *See, e.g., Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 84, 104 S.Ct. 892 (1984); *Allen v. McCurry*, 449 U.S. 90, 103-104, 101 S.Ct. 411 (1980). The case at bar is virtually identical to plaintiff's adjudicated Court of Claims case, but for Plaintiff's addition of George Ryan and the Court of Claims as defendants.

Further, plaintiff is seeking relief from the same uncashed paychecks he sought in the Court of Claims. The Court of Claims issued a ruling based on state law following a trial. Therefore, Plaintiff's claims in federal court are precluded because the Court of Claims has adjudicated and denied the same claims in before Plaintiff field suit in federal court.

### III.   PLAINTIFF LACKS STANDING TO BRING SUIT ON BEHALF OF HIS WIFE'S INTERESTS

Plaintiff cannot bring a claim under 42 U.S.C. § 1983 based on the alleged violation of his wife's constitutional rights, but must assert his own legal rights and interests. *Estate of Johnson by Castle v. Village of Libertyville*, 819 F.2d 174 (7th Cir. 1987 (*citing Warth v. Seldin,* 422 U.S. 490, 499 (1975)) (complaint dismissed for failure to state a claim under § 1983, where plaintiffs sought recovery against defendant village and police officer for damages relating to the death of their daughter). *See also Lewis v. Casey,* 518 U.S. 343, 349, 116 S. Ct. 2174, 2179 (1996).

The only signature on the complaint is that of Al Ankus, who is not a lawyer. The complaint was filed *pro se*, purportedly on behalf of both Al and Lynda Ankus. Mr. Ankus is not a lawyer, and therefore, cannot represent his wife or he interests in this matter. "In federal court, a party may proceed either pro se… or through an attorney. 28 U.S.C. § 1654. *McCall v. Pataki*, 232 F.3d 321, 322 (2d. Cir. 2000)); *see also* F.R. Civ. Pro. Local Rule 83.12, which states: "Except as provided in LR 83.14 and LR 83.15, and as otherwise provided in this rule, only members in good standing of the general bar of this Court may enter appearances of parties, file pleadings, motions, or

7

other documents, sign stipulations or receive payments upon judgments, decrees or orders." Therefore, any pleadings purportedly filed on behalf of Lynda Ankus by Al Ankus should be stricken.

This Court should also take note that there is no ADA claim, and presuming such a claim existed, Plaintiff lacks standing to bring one. In order to state a claim under the ADA (which grants injunctive relief, not the compensatory damages requested in the instant case), a plaintiff must have a "disability," which is defined as "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2)(A). Plaintiff has failed to identify any disability of his own, and cannot assert any on his wife's behalf. Further, the Complaint lacks any allegations that Mrs. Ankus' physical condition permitted her to work, but limited her ability to cash paychecks during a four-year period.

IV.     THIS SUIT LACKS FEDERAL SUBJECT MATTER JURISDICTION

The allegations of Plaintiff's complaint clearly show that he is seeking to overturn judgments entered in the Court of Claims, which he cannot do. The Rooker-Feldman addresses matters in which "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 125 S.Ct. 1517, 1526 (2005). Federal courts are not deprived of jurisdiction over a parallel proceeding even if the state court reached judgment before the federal court. In that circumstance, the federal court would "be bound to recognize the claim- and issue-preclusive effects" of

the state court judgment but would not lose jurisdiction over the case. *Id.* at 1520. Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law. Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation. *Id.* at 1527. The Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to "give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768 (1986).

Plaintiff did not file the instant case as a parallel proceeding. Plaintiff's suit was already adjudicated by the Court of Claims, which is a court of exclusive jurisdiction over claims against the State of Illinois as enumerated in 705 ILCS 505/8 (West 2006). In the instant case, plaintiff has already litigated the issue of entitlement to all of his late wife's uncashed paychecks. The Court of Claims applied Illinois law in a straightforward way, and afforded him due process. The claims were simply brought too late. Plaintiff may not ask this Court to review decisions rendered on December 14, 1999 and April 29, 29, 2002. His defeat at the state level does not provide him the chance to seek review by federal district court.

V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR DUE PROCESS

The Due Process Clause of the United States Constitution prohibits state action that deprives a person of life, liberty, or property without a fair proceeding. Const. Amend. V, XIV. To the extent that Plaintiff is attempting to state a due process claim regarding the handling of the Court of Claims case, the claim fails. When a plaintiff

9

brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To state a procedural due process claim, the plaintiff must allege the deprivation of a constitutionally protected liberty, life or property interest. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir.1995)(per curiam). It is clear from the Complaint's allegations that Plaintiff has failed to state any constitutionally protected interest that has been deprived. He has fully pursued his claims in court, and his disagreement with the case's outcome does not give rise to a due process violation. In addition, Plaintiff first complained of the uncashed paychecks in 1998. He filed this suit in 2002, long after he learned of the checks' existence. The limit for § 1983 claims in Illinois is two years. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir.2006); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir.1989). Therefore, this Court should dismiss the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants request that this Honorable Court dismiss the Complaint with prejudice.

                                                Respectfully submitted,

LISA MADIGAN                             By:   *s/Shirley R. Calloway*
ILLINOIS ATTORNEY GENERAL       THOMAS A. IOPPOLO
                                                SHIRLEY R. CALLOWAY
                                                Office of the Attorney General
                                                100 W. Randolph Str., 13th Floor
                                                Chicago, Illinois 60601
                                                (312) 814-5581